# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN GOUDREAU,<br><br>Defendant. | CRIMINAL NO. 14-10190-IT |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America (the "Government") respectfully submits this memorandum to assist the Court in determining the appropriate sentence to impose on Defendant Stephen Goudreau ("GOUDREAU" or the "DEFENDANT"). As the Court is aware, on April 29, 2015, GOUDREAU pleaded guilty to the one-count Indictment, which charged Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, the Government recommends that the Court impose a sentence of 51 months' incarceration, a sentence that is within the low-end of the United States Sentencing Guidelines ("Guidelines") range of 51 to 63 months' incarceration as calculated by the United States Probation Office ("Probation") in the Presentence Investigation Report ("PSR"), based on a total offense level of 17 and Criminal History Category of VI.

## DEFENDANT'S CRIMINAL OFFENSE CONDUCT

The Government incorporates the facts as stated in the PSR, which are largely undisputed.

On March 4, 2014, officers from the Ipswich Police Department and a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") responded to a reported theft of firearms from Patriot Arms of New England—a firearms store co-owned by Richard Munyon ("Munyon") and John Goudreau, GOUDREAU's father.  The officers went to the store and spoke with Munyon and John Goudreau.  Munyon told the officers that on Friday, February 28, 2014, he noticed second gun was missing as well.  Munyon told the officers that on Monday, March 3, 2014, he viewed the surveillance video of the store from the previous Friday and saw GOUDREAU stand near the gun storage area, tuck something under his shirt, and walk towards the garage in the rear of the building.  Munyon told the officers that after viewing the surveillance video, he went to the garage, where he found two empty gun boxes.  John Goudreau told the officers that he had contacted GOUDREAU by text message and he showed the officers GOUDREAU's response.

> Dad I know I f*ed up and im sorry[.] . . . [P]lease don't think I wanted to do this[.] . . . I did something 3yrs ago with someone he got arrested I got away[.] . . . [W]hen I said I couldnt get the cash he said to get guns[.] [T]hey know u have a store and I might be able to get them[.] . . . [I']m so sorry either way im going to jail the federal pen cause I stole from u or state prison cause of the past crime.

Munyon told the officers that he and John Goudreau gave GOUDREAU a deadline of 10:00 a.m. on Tuesday, March 4, 2014, to return the guns or they would call the police. According to Munyon, when GOUDREAU did not respond by noon, Munyon called the police. Investigators reviewed GOUDREAU's criminal history and saw that GOUDREAU had several felony convictions, including two for assault and battery.

The following day, on March 5, 2014, officers applied for and obtained a search warrant to determine the location of GOUDREAU cell phone by its GPS signal.  Based on the GPS

signal, officers determined that GOUDREAU's cell phone was located at or near 194 Nesmith Street, Lowell, Massachusetts, the residence of Sarah Levoy ("Levoy").

### *GOUDREAU's Arrest And Recovery Of A Loaded (Stolen) Firearm*

After obtaining a state arrest warrant, law enforcement officers executed the warrant at Levoy's residence. The law enforcement officers came in contact with GOUDREAU and Levoy in the bedroom of the residence. When law enforcement officers handcuffed GOUDREAU, he said, "I know what this is about." GOUDREAU then gestured to his duffel bag at the foot of the bed and stated, "it's in the bag." Law enforcement officers searched the duffle bag and recovered a Smith & Wesson pistol, containing three rounds of .380 caliber ammunition, from the duffel bag. The Smith & Wesson pistol was later confirmed as one of the two stolen firearms from Patriot Arms on February 28, 2014.

### *GOURDREAU's Confession*

Immediately following the GOUDREAU's arrest and booking, investigators interviewed GOUDREAU. Before the interview, GOUDREAU signed an advice of *Miranda* rights waiver. During the interview, the Defendant admitted to stealing two firearms from Patriot Arms and providing the missing firearm - a Ruger, model SR45, .45 caliber pistol - to an individual named "Joe Joe." GOUDREAU provided the law enforcement officers with Joe Joe's physical description and residential address. Soon thereafter, a state search warrant was obtained and executed for Joe Joe's residence but no evidence of the Ruger pistol was recovered.

## SENTENCING RECOMMENDATION

A.   *Application of Johnson (Samuel) v. United States, No. 13-7120 (June 26, 2015)*

On July 23, 2015, this Court directed the parties to brief whether, in light of *Johnson (Samuel) v. United States*, No. 13-7120, 2015 WL 2473450 (June 26, 2015), GOUDREAU's

base offense level under USSG § 2K2.1 is 20 or 14. The Government, as discussed below, concludes that the *Johnson* decision has not impacted GOUDREAU's base offense level of 20.

As noted in the PSR, GOUDREAU committed the instant offense after sustaining at least one felony conviction for a crime of violence, *i.e.*, assault and battery with a dangerous weapon under Massachusetts state law. (PSR ¶ 43.) The Court of Appeals for the First Circuit has determined that the Massachusetts state charge of assault and battery with a dangerous weapon is a crime of violence. *United States v. Am*, 364 F.3d 25, 34 (1 st Cir. 2009). The *Am* decision was recently affirmed post-*Johnson* in *United States v. Whindleton*, in which the First Circuit articulated that "*Johnson does not* overrule [the First Circuit's] holding in *Am* that the Massachusetts statute for [assault and battery with a dangerous weapon], which criminalizes an assault upon another by means of a dangerous weapon, has as an element the use, attempted use, or threatened use of physical force." 2015 U.S. App. LEXIS 13958 at *24 (1st Cir. Aug. 10, 2015) (emphasis added, internal quotes omitted). Additionally, the *Whindleton* Court also noted that *Johnson* "assumed that an assault and battery with a dangerous weapon was a violent felony." *Id*. at *23 (internal quotes omitted). Further, to date, the Supreme Court's decision in *Johnson* has not impacted the Guideline's definition of a "crime of violence" as defined at USSG § 4B1.2. As such, GOUDREAU's proper base offense level is 20.

B.    *The Applicable Sentencing Guidelines*

      1.    GOUDREAU's Offense Level

As noted above, GOUDREAU's base offense level is 20 because GOUDREAU committed the instant offense after sustaining at least one felony conviction for a crime of violence. (PSR ¶¶ 20 & 43.) Specifically, the PSR notes that GOUDREAU's base offense level is 20 because he was previously convicted for assault and battery by means of a dangerous

4

weapon ("ABDW"). (PSR ¶ 43.) Therefore, GOUDREAU's total offense level, with acceptance of responsibility, is 17. (PSR ¶¶ 27-29.)

### 2. GOUDREAU's Criminal History

GOUDREAU has criminal convictions resulting in a total criminal history score of 37 (PSR ¶ 69) and, thus, his Criminal History Category is VI. (PSR ¶ 70.)

### 3. Guideline Sentencing Range

GOUDREAU's Guideline's range is 51 months to 63 months' imprisonment. As previously noted, the Government recommends a sentence term of 51 months' incarceration.

### C. *Government's Response to GOUDREAU's Requested Sentence*

GOUDREAU's request for 30 months' incarceration would be insufficient punishment. Additionally, such a sentence would not promote respect for the law or deter others who are similarly situated as GOUDREAU from engaging in similar criminal conduct in the future. GOUDREAU's sentencing memorandum attempts to mitigate GOUDREAU's responsibility for the crime that he has pleaded guilty of committing. In essence, GOUDREAU claims that he committed the present crime because he was blackmailed into doing so by a former criminal associate. However, nowhere in the record, nor can GOUDREAU produce to the Court, is there any evidence – not one scintilla – that GOUDREAU was in fact blackmailed into completing the present crime. GOUDREAU's assertion does a disservice to this Court by misrepresenting the record and ultimately deflecting responsibility for the crime to which he has pleaded guilty. For these reasons, the Government respectfully opposes GOUDREAU's sentence request and requests that the Court sentence GOUDREAU in accordance with the Government's recommendation of 51 months' incarceration.

D.   *Government's Recommendation and Sentencing Factors Under 18 U.S.C. §3553(a)*

Title 18 U.S.C. § 3553(a) requires a sentencing court to consider specific, enumerated factors when determining an appropriate sentence.  These factors, *inter alia*, include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense to promote respect for the law; 3) a sentence necessary to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and 4) the need to avoid an unwarranted sentencing disparity.

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The nature and circumstances of this case are straightforward.  GOUDREAU having sustained prior felony convictions and prohibited from possessing a firearm engaged in stealing two firearms and, by his own admission, unlawfully provided one of the firearms to another person.  Providing stolen firearms to others breeds violence and harms individuals within the community.

Moreover, GOUDREAU is currently 32 years old.  The PSR determined that GOUDREAU earned a total of 37 criminal history points which results in a criminal history category of VI.  (PSR ¶ 70).  GOUDREAU's adult criminal history dates back to 2001.[1] GOUDREAU has nineteen convictions and at least one felony conviction for a crime of violence, namely assault and battery with a dangerous weapon.

2. The Sentence Imposed Must Reflect the Seriousness of the Offense

GOUDREAU's offense of conviction is significant in its seriousness:  felon in possession of firearms and ammunition.  It is impossible to overstate the danger posed by violent felons,

---

[1] Some of the cases resulted in dismissals or pretrial probation and many are timed out per USSG §4A1.2(e)(3).

such as GOUDREAU, armed with firearms. Gun violence is epidemic in this country. One need only read the newspaper each day to recognize the seriousness of gun violence and the need to deal with firearms cases accordingly. *See United States v. Politano*, 522 F.3d 69 (1st Cir. 2008) (in affirming above-guideline sentence in firearms trafficking case, the First Circuit noted sentencing judge's reference to the "epidemic of handgun violence in communities within this district" and concluded that the district court "has the authority to conclude that the impact of this particular offense is more serious than that reflected by the Sentencing Commission."). Here, GOUDREAU's conduct is both serious in nature and adversely impacts the community. Illegal guns used to commit violent crimes are obtained from individuals like GOUDREAU who steal firearms that later go "missing." This perspective cannot be overlooked in imposing an appropriate sentence. As such, a sentence of 51 months' imprisonment would adequately reflect the serious nature of GOUDREAU's criminal conduct in this matter.

3. The Sentence Must Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Protect the Public from Further Crimes of the Defendant

More broadly, there is a compelling need to deter other individuals who may be inclined to participate in similar offense conduct. Imposition of the recommended sentence of 51 months' incarceration will create an adequate deterrent to similar criminal behavior and justly punish GOUDREAU for his actions. A significant sentence here will communicate to GOUDREAU that he must stop committing crimes. Equally important, such a sentence will tell similarly situated individuals that have committed a litany of state court crimes, as GOUDREAU has, that if they too continue their criminal conduct and are convicted in federal court, they too will face stiff sentences. Anything less than the Government's recommendation 51 months'

incarceration will not promote respect for the law nor deterrence by other similarly situated individuals.

    4. <u>The Sentence Must Avoid Unwarranted Sentencing Disparities</u>

GOUDREAU seeks a below Guidelines sentence, a sentence that is 21 months below the low-end of the properly calculated Guidelines range that the Government and Probation believe apply. Clearly, a departure below the low end of the Guidelines range, *i.e.*, 51 months' incarceration, risks creating an unwarranted disparity from defendants facing an Offense Level of 17 and Criminal History Category VI for the same offense that GOUDREAU has pleaded guilty of committing. To depart from the Guidelines range for GOUDREAU would truly lead to disparity among similarly situated defendants.

### E. *Conditions of Supervised Release*

In order to assist GOUDREAU's re-integration after completing his sentence of incarceration, the Government asks the Court to consider as special conditions of GOUDREAU's supervised release including substance abuse treatment, mental health treatment and seeking and maintaining employment.

## CONCLUSION

For the above reasons, the Government recommends that this Court sentence GOUDREAU to a period of 51 months' incarceration, 3 years of supervised release, and a mandatory $100 special assessment.

                        Respectfully submitted,

                        CARMEN M. ORTIZ
                        United States Attorney

By:    */s/ Carlos A. López*
        CARLOS A. LÓPEZ
        Assistant United States Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3242
        Carlos.Lopez3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                        */s/ Carlos A. López*
                        CARLOS A. LÓPEZ
                        Assistant United States Attorney

Date:  August 27, 2015